■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PAUL H. MARTINSON, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent.— Motion by relator to dispense with printing and for assignment of counsel on his appeal from an order dismissing writ of habeas corpus. Motion denied. From the papers submitted it affirmatively appears that relator is imprisoned under a valid judgment and sentence and that there is no merit whatever in the appeal. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.

■ ALLAN RUBIN, Appellant, v. ILA MANN, Respondent.— Motion by appellant to dispense with printing of exhibits denied, with leave to renew on proper papers. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.

■ SOPHIE ULMAN et al., Appellants, v. BURTON DUKE, Respondent.— Oral motion by respondent on calendar call to dismiss appeal granted by default, with $10 costs, and appeal dismissed, the appellants having failed to file a record or brief. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette., JJ., concur.

■ ADDIE WEST, Respondent, v. L. J. F. CORP., Appellant.— Motion by defendant for leave to appeal to the Appellate Division denied, without costs. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ FRANK G. BACK, Doing Business under the Name of RESEARCH & DEVELOPMENT LABORATORY, Appellant, v. LEONARD E. BERGSTEIN, Respondent.— In an action for specific performance of an agreement to assign a patent (1st cause of action) and for a declaratory judgment or for reformation of an agreement and a general release (2d cause of action), plaintiff appeals: (1) from an order of the Supreme Court, Nassau County, dated March 29, 1960, granting defendant's motion to dismiss the first cause of action pursuant to subdivision 6 of rule 107 of the Rules of Civil Practice, on the ground that the claim set forth in such cause of action has been released; and to dismiss the second cause of action pursuant to subdivisions 1 and 4 of rule 106 of the Rules of Civil Practice, on the ground that the complaint does not state facts sufficient to constitute a cause of action and on the ground that the court does not have jurisdiction of the subject of the action; and (2) from the judgment entered April 6, 1960, on said order, dismissing the complaint. Judgment and order reversed, with $10 costs and disbursements, and motion denied. On the record presented, it may not be determined summarily that the claim asserted in the first cause of action has been released. As to the second cause of action, in our opinion it is sufficient as a pleading, and the court has jurisdiction of the subject of the action. Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.

■ HOWARD BLACK, Appellant, et al., Plaintiff, v. JOHN HUTTMANN, Respondent.— In an action to recover damages for personal injuries, plaintiff Howard Black appeals from so much of an order of the Supreme Court, Kings County, dated July 6, 1959, as, on reconsideration, vacates the preference previously granted under rule 9 of the Kings County Supreme Court Rules. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock and Pette, JJ., concur; Kleinfeld, J., dissents and votes to reverse the order, and to reinstate the preference, upon the ground that the record presents evidence of injuries and special damages sufficient to warrant a rule 9 preference. Brennan, J., not voting.